# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CR-0100-CVE |
| | ) |
| SAMMY JOE PERRYMAN, | ) |
| a/k/a "Sam Perryman," | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the Unopposed Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 10) and the Government's Motion to Amend the Scheduling Order (Dkt. # 11). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Government counsel advises that defense counsel agrees with the government's motions. Dkt. # 10, at 1.

The indictment (Dkt. # 2) was returned on July 13, 2011,[1] and charges the defendant with eleven separate counts. Count One of the indictment charges the defendant with use of fire and explosive to commit a felony in violation of 18 U.S.C. § 844(h)(1). Count Two charges the defendant with arson in violation of 18 U.S.C. § 844(i), and includes a forfeiture allegation pursuant to 18 U.S.C. § 982(a)(2)(B). Counts Three through Seven charge the defendant with mail fraud in violation of 18 U.S.C. § 1341, and include forfeiture allegations pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Count Eight charges the defendant with bankruptcy fraud

---

[1] The indictment was unsealed on July 28, 2011.

in violation of 18 U.S.C. § 152(1). Counts Nine through Eleven charge the defendant with money laundering in violation of 18 U.S.C. § 1957(a), and include forfeiture allegations pursuant to 18 U.S.C. § 982(a)(1).

The government's case revolves around the defendant's alleged "financial distress, deceit, and ultimately, his fraud." Dkt. # 10, at 2. In May 2005, the defendant filed for Chapter 7 bankruptcy in his personal capacity. The government alleges that he did not fully disclose his interest in the Tulsa Athletic Club (the Club)(also known as Vintage Health Quest), formerly located at 5122 South Vandalia in Tulsa, Oklahoma, and the adjoining real estate. The government claims that the defendant conducted his financial affairs using a number of separate entities, but that substantial evidence exists to suggest that the defendant controlled operation of the Club. On January 22, 2006, the Club was completely destroyed by a fire, allegedly due to arson. The government alleges that the defendant and his related entities were all in "extreme financial distress" as of the date of the arson and that, after the fire, the defendant filed a false and fraudulent claim with the Hartford Fire Insurance Company. The government claims that the defendant then attempted to dismiss his bankruptcy proceedings, in part because he expected to receive a substantial settlement from Hartford that would allow him to satisfy all of his creditors. Id. at 3. The defendant's attempt to dismiss was unsuccessful, and the defendant amended his bankruptcy schedules to include the property at 5122 South Vandalia. Id. The government claims that on or about November 15, 2006, while still in bankruptcy, the defendant sold the property without notifying anyone associated with his bankruptcy, and without disclosing the bankruptcy to anyone connected with the sale. The government alleges that defendant received approximately $91,675.08

from the sale of that property. The money laundering counts against the defendant all relate to the defendant's utilization of the proceeds from his alleged bankruptcy fraud.

On July 28, 2011, the government provided to defense counsel over 22,000 pages of discovery. These documents were provided in scanned form on a compact disk. The discovery materials include voluminous business records from various financial institutions. The defendant's financial condition and activity during 2005 and 2006 are "critical in this case," and the defendant's use of various accounts and entities is "intertwined and complex." Id. at 5. At least five separate entities, all allegedly controlled by the defendant, were involved in the ownership and operation of the Club at different times. The case also involves at least seven different financial institutions, some at which defendant maintained multiple accounts, as well as the associated records.

The government asserts that these documents will require "laborious review which will prove more time consuming than more traditional documents containing narrative text." Id. at 6. It claims that the extensive discovery and potential legal issues that may need to be addressed cannot be realistically done within 70 days and asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Id. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time

3

necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The government asks the Court to declare this matter a complex case under § 3161(h)(7)(B)(ii), and defense counsel agrees with government's motion. Dkt. # 10, at 1. The Court has reviewed the government's motion and concludes that the government has provided an adequate record for the Court to rule on this matter without a hearing. The Court finds that it would be unreasonable to expect defense counsel to review discovery, draft pretrial motions, and prepare for

4

trial within the time provided by the Speedy Trial Act, and that this case should be declared a complex case under § 3161(h)(7)(B)(ii). The government has produced over 22,000 pages of discovery, and this is a substantial amount of material for defense counsel to review before trial. This case involves numerous bank accounts and entities, and the Court agrees with the government that review of this discovery will be time-consuming. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case.

**IT IS THEREFORE ORDERED** that the Unopposed Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 10) and the Government's Motion to Amend the Scheduling Order (Dkt. # 11) are **granted**. All deadlines in the scheduling order (Dkt. # 8), including the jury trial set for September 19, 2011, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | October 17, 2011 |
| Responses due: | October 31, 2011 |
| **PT/CP/Motions Hearing:** | **November 29, 2011 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 12, 2011 |
| **Jury Trial:** | **December 19, 2011 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between September 19, 2011 and December 19, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 9th day of August, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT