# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CR-0100-CVE ) |
| SAMMY JOE PERRYMAN, a/k/a "Sam Perryman," | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Reconsideration (Dkt. # 89). Defendant requests that the Court reconsider part of its ruling, made during the March 5, 2012 pretrial conference, regarding the parties' motions in limine. See Dkt. # 76. Specifically, defendant requests that the Court reconsider its rulings that: (1) the prior conviction of Stace Proctor will be inadmissible at trial; and (2) that the prior convictions of defendant will be admissible at trial for purposes of impeachment. The government has not responded to defendant's motion to reconsider.

## I.   Prior Conviction of Stace Proctor

The government previously filed a motion in limine (Dkt. # 50) seeking to preclude admission of the prior conviction of witness Stace Proctor. Proctor is a former employee of defendant, and defendant intends to argue at trial that Proctor had motive to commit the arson with which defendant is charged. Dkt. # 89 at 7. Proctor was convicted of the felony of indecent exposure in 1997 and was released from prison in 2004. During the pretrial conference, the Court held that, while the conviction could be admitted under Rule 609(a)(1), it has little, if any, probative value as to Proctor's credibility and would be precluded pursuant to Rule 403. Plaintiff now

requests that the Court reconsider this ruling because "the Court made its ruling without the benefit of the knowledge or relevance of Stace Proctor's role." Dkt. # 89 at 3. Plaintiff submits that Proctor had an altercation with defendant shortly prior to the fire, was heard to make threats against defendant, and made a series of potentially incriminating statements to the arson investigators. Thus, plaintiff argues, Proctor is "not merely an ordinary witness in this case," but that his "credibility is paramount." Id. at 6-7.

The admission of evidence of a witness's prior conviction is governed by Fed. R. Evid. 609, which provides, in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> >
> > > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .
> >
> > (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

Fed. R. Evid. 609(a).

The Court cannot readily determine that the elements required to prove Proctor's conviction for indecent exposure included any proof or admission of a dishonest act or false statement. Thus, the conviction is not required to be admitted under Rule 609(a)(2). The prior conviction was punishable by imprisonment for more than one year; thus, the evidence must be admitted under Rule 609(a)(1)(A) unless it is excluded under Rule 403.

2

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006).

As the Court noted during the pretrial conference, a prior conviction for indecent exposure has very little, if any, probative value as to an individual's credibility. However, there is a substantial danger of unfair prejudice because the jury may improperly presume that Proctor is a morally culpable individual or that he has a propensity to commit crimes. The fact that Proctor may be an important witness and that his credibility may be crucial to defendant's case does not make a conviction for indecent exposure any more probative of that credibility.

Defendant relies on United States v. Sides, 944 F.2d 1554 (10th Cir. 1991), for the proposition that the court must consider certain factors in determining whether the prior conviction is admissible, including the importance of the witness' testimony and the "degree to which the [witness'] credibility is central to the case." Id. at 1560 (internal quotations omitted). However, Sides dealt with the admissibility of a defendant's testimony under Rule 609(a)(1)(B), not with the admissibility of a witness' testimony under Rule 609(a)(1)(A). Because the test for admissibility

3

under these subdivisions is different,[1] Sides and the factors articulated therein have no relevance to whether Proctor's prior conviction is admissible.

Defendant's Confrontation Clause argument is similarly unavailing. Defendant argues that, by precluding testimony regarding Proctor's conviction, the Court is denying defendant the right to effectively cross-examine Proctor. "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." Davis v. Alaska, 415 U.S. 308, 315-16 (1974) (internal quotations omitted). The Confrontation Clause guarantees only effective cross-examination, it does "not [guarantee] cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam). "Effective cross-examination only requires that the trial judge not limit the scope of cross-examination so that it prevents the jury from having sufficient information to make a 'discriminating appraisal' of the relevant issue." Miranda v. Cooper, 967 F.2d 392, 402 (10th Cir. 1992). In guaranteeing this effective cross-examination, district courts have "wide latitude . . . to impose reasonable limits . . . [on] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673 (1986).

The Court's ruling is merely that evidence of Proctor's conviction is inadmissible. Defendant is free to elicit otherwise admissible testimony regarding Proctor's relationship with

---

[1] The test for admissibility under these subdivisions is subtly, but crucially, different. Rule 609(a)(1)(A) states that the admission of a witness' prior conviction is subject to the balancing test articulated in Rule 403, namely that the evidence may be excluded "if its probative value is substantially outweighed by a danger" of unfair prejudice. Fed. R. Evid. 403. Rule 609(a)(1)(B), on the other hand, requires that the evidence "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect . . ." Fed. R. Evid. 609(a)(1)(B).

4

defendant, any altercations the two may have had, any potential motive Proctor may have had to set the fire, and any statements Proctor made to the arson investigators. Given the limited relevance of the conviction and the danger of unfair prejudice, the Court finds that exclusion of questions regarding Proctor's prior conviction will not prevent the jury from having "sufficient information to make a 'discriminating appraisal' of the relevant issue." Miranda, 967 F.2d at 402. See also United States v. Lamb, 99 F. App'x 843, 846 (10th Cir. 2004) (unpublished)[2] (holding that district court's exclusion of witness' prior conviction did not violate Confrontation Clause where conviction occurred well before and independently of any actions involved in the case at issue and conviction had no relevance as to witness' credibility).

For these reasons and for the reasons stated at the pretrial conference, evidence of Proctor's prior conviction for indecent exposure will not be admissible at trial.

## II. Defendant's Prior Guilty Plea

Defendant previously filed a motion in limine (Dkt. # 66) seeking to preclude any mention of counts 8 through 11 of the indictment and the fact that he has pleaded guilty to counts 8 and 10. Defendant pleaded guilty to count 8, bankruptcy fraud in violation of 18 U.S.C. § 152(1), and count 10, money laundering in violation of 18 U.S.C. §1957(a), on March 2, 2012 (Dkt. # 70). During the pretrial hearing, the Court held that, if defendant elects to testify, his pleas of guilty to counts 8 and 10 were admissible to impeach his credibility, pursuant to Rule 609(a)(2). Defendant now argues

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

that this evidence should not be admitted pursuant to Rule 403 because "the prejudicial impact of [defendant's] prior convictions outweighs its probative value . . . ." Dkt. # 89 at 11.[3]

Defendant's argument, in addition to the fact that it could have and should have been raised in his initial motion, fundamentally misreads the Federal Rules of Evidence. As noted above, Rule 609(a)(2) provides that, when attacking a witness's character for truthfulness by evidence of a criminal conviction, "the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Thus, where the prior crime involved a dishonest act or false statement, the admission of the conviction is "not subject to Rule 403 balancing and must be admitted." United States v. Chaco, 801 F. Supp. 2d 1217, 1224 (D.N.M. 2011) (quoting United States v. Harper, 527 F.3d 396, 408 (5th Cir. 2008)); see also United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir. 1998) (stating that rule 609(a)(2) is a "rare instance" where rule 403 does not apply). Both counts to which defendant pleaded guilty required admission of a dishonest act or false statement, as defendant acknowledged in his petition to enter a plea of guilty and during his plea colloquy. See Dkt. # 69 at 9-10; Dkt. # 70. Therefore, should defendant testify at trial, these prior convictions must be admitted to impeach his character for truthfulness pursuant to Rule 609(a)(2).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Dkt. # 89) is **denied**.

**DATED** this 1st day of May, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] Counsel for defendant also states that he is "unclear as to how that impeachment would logistically occur." Dkt. # 89 at 11. Presumably, if defendant chooses to testify, the government would ask him about his prior convictions. This is a relatively common trial procedure, and the Court is unable to determine the source of counsel's confusion.