# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CR-0100-CVE |
| | ) |
| SAMMY JOE PERRYMAN, | ) |
| a/k/a "Sam Perryman," | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the Joint Motion Regarding Defendant's Examination Under Oath (Dkt. # 99). The parties request that, prior to trial, the Court rule on the admissibility of certain portions of a transcript of prior statements made under oath by defendant. On June 7, 2006, defendant was examined under oath by an attorney for Hartford Insurance in connection with the insurance claim submitted to Hartford Insurance by defendant or a company with which he is affiliated for the January 22, 2006 fire at the health club located at 5122 South Vandalia, Tulsa, Oklahoma. The parties have conferred and have agreed that certain excerpts of the examination under oath are admissible at trial pursuant to Fed. R. Evid. 801(d)(2)(A).[1] In addition, the parties have agreed that other excerpts of the examination under oath are admissible pursuant to Fed. R. Evid. 106, which states that: "If a party introduces all or part of a writing or recorded statement, an

---

[1] The joint motion states that the statements are admissible pursuant to "Rule 801(b)(2)(A)." Dkt. # 99 at 1. However, the Federal Rules of Evidence do not contain a Rule 801(b)(2)(A). The Court presumes that this is a typographical error and that the parties intended to represent that the statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(A), which states that a statement is not hearsay where it "is offered against an opposing party" and "was made by the party in an individual or representative capacity."

adverse party may require the introduction, at that time, of any other part - or any other writing or recorded statement - that in fairness ought to be considered at the same time." However, the parties dispute the admissibility of three excerpts of the examination under oath and request that the Court rule on the admissibility of those three excerpts.

"The rule of completeness is a common law doctrine partially codified in Rule 106 of the Federal Rules of Evidence." United States v. Lopez-Medina, 596 F.3d 716, 734 (10th Cir. 2010). "The purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of a writing or recorded statement which clarify or explain the part already received." Id. at 735. See also Echo Acceptance Corp. v. Household Retail Servs., Inc., 267 F.3d 1068, 1089 (10th Cir. 2001) ("The rule of completeness . . . functions as a defensive shield against potentially misleading evidence proffered by an opposing party."). "The rule of completeness, however, does not necessarily require admission of [an entire statement.] Rather, only those portions which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted." Lopez-Medina, 596 F.3d at 735 (citing United States v. Zamudio, 141 F.3d 1186 (10th Cir. 1998). "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." Lopez-Medina, 596 F.3d at 735 (internal quotations omitted).

The first disputed excerpt of the examination under oath is page 134, line 10 through page 135, line 17 (Dkt. # 99-3 at 1). This excerpt consists of a discussion of a promissory note payable to Stillwater National Bank by defendant or a company with which he is affiliated. Defendant

explains that the note was renewed regularly and that a payment was due on May 8, 2006. The government argues that this excerpt does not explain any other portion of the statement being offered, and is not relevant to a fair and impartial understanding of the other portions. However, the parties have agreed to the admissibility of the following exchange found on the next page of the transcript: "Q. Did you all - you obviously didn't pay it on last month, month ending today did you? A. No, ma'am. . . ." Dkt. # 99-3 at 1. Without the prior discussion establishing context for this question, the jury would be at a complete loss to know what "it" the defendant stated he had not paid. Having examined the transcript and the portions that the parties have agreed to offer without objection, the Court concludes that the testimony found on page 134, line 10 through page 135, line 17 (Dkt. # 99-3 at 1) explains the later excerpted statement, places it in context, would avoid misleading the jury, and would insure fair and impartial understanding of the statement. This excerpt of the transcript is admissible.

The second disputed excerpt is found in the transcript at page 142, line 17 through page 144, line 9 (Dkt. # 99-3 at 3). This excerpt discusses a loan by defendant, or an affiliated entity, from Canadian General Finance. Specifically, defendant explains how he accomplished the renovation work for which the loan was approved. The government again argues that this excerpt does not explain the other portions of the transcript being offered, and is not relevant to a fair and impartial understanding of the other portions. However, the parties have agreed to the admissibility of the exchange immediately before this disputed excerpt, which discusses the loan and the renovation work. Thus, the Court finds that it is proper to admit defendant's statement regarding precisely how this money was spent on the renovations. The testimony found on page 142, line 17 through page 144, line 9 (Dkt. # 99-3 at 3) explains the earlier excerpted statement, places it in context, would

avoid misleading the jury, and would insure fair and impartial understanding of the statement. This excerpt of the transcript is admissible.

The third disputed excerpt is found in the transcript at page 165, line 22 through page 168, line 7 (Dkt. # 99-3 at 9). This excerpt discusses defendant's visit to the health club on January 22, 2006, his placement of bug bombs on the premises, and whether he set the alarm when he left. The testimony also includes a narrative by defendant as to the "close knit" relationship enjoyed among the members of the health club. The Court finds that testimony specifically regarding defendant's visit to the health club on January 22, 2006, and whether he told anyone that he set the bug bombs is admissible. Later testimony that the parties agree is admissible relates to defendant's visit to the health club on January 22, 2006, his placement of the bug bombs, and the setting of the alarm. See Dkt. # 99-3 at 11. The testimony on page 165, line 22 through page 166, line 19 and page 167, line 22 through page 168, line 7 explains the later excerpted statement, places it in context, would avoid misleading the jury, and would insure fair and impartial understanding of the statement. These excerpts of the transcript are admissible. However, defendant's narrative regarding the relationship among the members of the health club (page 166, line 20 through page 167, line 21) does not explain any other testimony and is not relevant to a fair and impartial understanding of any other statement. This excerpt is not admissible.

**IT IS THEREFORE ORDERED** that the Joint Motion Regarding Defendant's Examination Under Oath (Dkt. # 99) is **granted** as to the request for pretrial ruling, and the statements are admissible or not as explained above. Counsel are reminded, however, that all in limine rulings are preliminary until the trial is concluded.

**DATED** this 11th day of May, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE