# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0100-CVE |
| | ) | |
| SAMMY JOE PERRYMAN, | ) | |
| a/k/a "Sam Perryman," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Application for Writ of Error Coram Nobis (Dkt. #
240). Defendant states that he is a member of the Muscogee Creek Nation (MCN), and he claims
that this Court lacked jurisdiction to hear the criminal charges against him based on the Tenth
Circuit Court of Appeal's decision in Murphy v. Royal, 875 F.3d 896 (2017). In Murphy, a criminal
defendant charged with first degree murder in state court argued that the crime occurred on Indian
lands, and he asserted that he should have been tried in federal court. Id. at 903. The Tenth Circuit
agreed and found that the defendant should have been tried in federal court.

On July 13, 2011, a grand jury returned an indictment (Dkt. # 2) charging defendant with
using a fire or explosive to commit a felony (count one), arson (count two), mail fraud (counts three
through seven), bankruptcy fraud (count eight), and money laundering (count nine through eleven).
All of the charges arose out of allegations that defendant engaged in a scheme to burn down a
financially unsuccessful health club he owned, and the health club was located in Tulsa, Oklahoma.
Defendant changed his plea to guilty as to counts eight and ten but he exercised his right to a jury
trial as to counts one through seven. See Dkt. # 69 (petition to enter plea of guilty as to counts eight

and ten).  Plaintiff agreed that it would dismiss counts nine and eleven at or near the time of sentencing.  Dkt. # 110, at 3.  A jury found defendant guilty of charges one through seven.  Dkt. # 128.  Defendant was sentenced to 180 months imprisonment.  Dkt. # 154.  Defendant's convictions were affirmed on appeal.  Dkt. # 202.

Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and he alleged numerous claims of ineffective assistance of counsel.  Dkt. # 212.  Defendant did not raise any issues related to his membership in the MCN.  The Court denied defendant's § 2255 motion, and the Tenth Circuit declined to issue a certificate of appealability (COA).  Dkt. ## 229, 238.  Defendant now seeks relief under the All Writs Act, 28 U.S.C. § 1651, and he argues that this Court lacked jurisdiction to hear the criminal charges against him.  Dkt. ## 240, 241.  Defendant claims that he is a member of the MCN and the crimes occurred in Tulsa, and defendant argues that Tulsa is located within the historical boundaries of the MCN reservation.  Dkt. # 240, at 7.  In Murphy, the Tenth Circuit found that Congress did not unequivocally disestablish the MCN reservation, and the state courts of Oklahoma did not have jurisdiction to hear a murder charge against a member of the MCN when the crime occurred within the boundaries of the historical MCN reservation.  Murphy, 875 F.3 at 966.  Instead, the defendant should have been tried in federal court, because the Major Crimes Act, 18 U.S.C. § 1153, provides that federal courts have exclusive jurisdiction over certain crimes against the person or property of an Indian within Indian country. Id.

Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable-generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). The writ of audita querela is similar but not identical to the writ of error coram nobis. A writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that later came to light," while a writ of audita querela "is used to challenged 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

Defendant has not shown that this Court has the authority to grant relief under the All Writs Act. Neither a writ of error coram nobis nor a writ of audita querela is the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. Id. at 1245. Instead, defendant must seek relief under § 2255.

Defendant filed a § 2255 motion (Dkt. # 212) asserting numerous claims, and his motion was denied.

A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246. Construing defendant's motion broadly, he could be arguing that the remedy provided by § 2255 is inadequate, because he would not be permitted to proceed with a second or successive § 2255. Dkt. # 240, at 7. The fact that defendant does not meet the criteria to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy. Caravalho, 177 F.3d at 1179 ("the mere fact [that defendant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate"). Defendant's exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion.

The Court finds that defendant's motion (Dkt. # 240) should be construed as a second or successive § 2255 motion. The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223

n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). The Court has reviewed defendant's motion (Dkt. # 240) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit. Even if the Court assumes that all of Tulsa is Indian country, defendant was not charged with a crime in state court and Murphy has no application. Instead, defendant was charged with crimes against the United States arising solely under federal law, and there is no dispute that federal courts have the exclusive jurisdiction to hear the charges against defendant. The Court declines to transfer defendant's motion to the Tenth Circuit.

Even thought the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that

standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. Murphy held that the state courts of Oklahoma were deprived of jurisdiction over criminal charges against tribal members arising within the historical boundaries of the MCN reservation, but defendant was not tried in state court. Defendant was prosecuted in federal court for crimes against the United States, and his membership in the MCN and the status of certain land as Indian country is irrelevant. There is no possibility that Murphy has any application in this setting. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's Application for Writ of Error Coram Nobis (Dkt. # 240) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 9th day of August, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE